IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD T. SMITH, | No. C 04-4743 WHA (PR) |
| Petitioner, | **ORDER DENYING REQUEST TO VACATE JUDGMENT** |
| vs. | |
| A. DUNCAN, Warden, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. The petition was denied in an order entered on March 31, 2008. Judgment was entered that day. On May 12, 2008, petitioner's copies of the decision and the judgment were returned from San Quentin State Prison with the notation "OTC," which means "out to court." Inexplicably, this notation was made even though the letters had been erroneously sent to San Quentin rather than Centinela, where petitioner in fact was confined. Petitioner says that he wrote to the clerk in September of 2008 and promptly received a copy of the docket sheet showing that the petition had been denied. On April 20, 2009, petitioner wrote a letter to the court in which he said that he was not out to court at the time the mail was returned. On July 6, 2009, he filed a new petition on the court's form for section 2254 petitions. It carries the case number of this case in the caption, however, and the content is, in effect, a request that this case be reopened so he can appeal the denial of the petition. It therefore will be treated as a motion to vacate the judgment.

///

1    Petitioner's contention that the was not out to court is confirmed by a copy of a

2 memorandum from the Centinela State Prison Litigation Coordinator in which the writer says

3 that she has investigated his claim and confirmed that he was not out to court when the mail was

4 returned.

5    The Federal Rules of Appellate Procedure provide a limited exception to the usual thirty

6 days to appeal for cases in which the prospective appellant did not learn of entry of judgment in

7 time to file a notice of appeal. *See* Fed. R.Civ.P. 4(a)(6). Rule 4(a)(6) provides:

>     (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>         (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>         (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>         (C) the court finds that no party would be prejudiced.

14 Fed. R.App.P. 4(a)(6)(A)-(C).

15    More than 180 days passed between entry of judgment on March 31, 2008, and either

16 petitioner's letter received April 20, 2009, or the present petition/motion, which was mailed to

17 the court on May 30, 2009. Arguably petitioner still has not been properly served with notice of

18 entry under Rule 77(d) of the Federal Rules of Civil Procedure, but because Rule 4(a)(6)(B)

19 sets the latest date for filing a motion for extension at "180 days . . . or . . . 7 days after . . .

20 notice, *whichever is earlier*," and the date the 180 period expired was earlier than any putative

21 date that would be created by giving notice now, the lack of proper notice avails him nothing.

22 *See id.* at 4(a)(6)(B) (emphasis added).  The petition, treated as a motion under Rule 4(a)(6), is

23 untimely and must be denied.

24    Given that petitioner asks that his case be reopened, it might seems that the solution

25 would be to vacate the judgment, perhaps under Rule 60(b)(1), which allows judgments to be

26 vacated for mistake, or 60(b)(6), a "catch-all" provision, and then re-enter judgment so as to

27 start a new time for appeal. That avenue has, however, been blocked by the Ninth Circuit,

28 which has specifically held that Rule 4(a)(6) of the rules of appellate procedure, discussed

2

1  above, provides the only avenue for relief for a litigant who did not receive notice of judgment,
2  and that "district courts no longer have the discretion to grant motions to reopen the period for
3  appeal that are filed outside that specific period, even if the appellant does not receive notice
4  until that period has expired." *Mitchell v. Burt Vetterlien & Bushnell PC*, 197 F.3d 421, 425
5  (9th Cir. 1999).

6  In short, there is no relief the court can grant. The clerk shall docket the petition
7  (document number 19 on the docket) as a "Motion to Vacate Judgment." It is **DENIED** for the
8  reasons set out above. Petitioner's accompanying motion for leave to proceed in forma
9  pauperis (document number 18) is **DENIED** as moot. The clerk shall send petitioner a copy of
10 the Court's decision entered on March 31, 2008.

11 **IT IS SO ORDERED.**
12 Dated: July  15  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28 G:\PRO-SE\WHA\HC.04\SMITH,R743.REC-APP.wpd

3